JOSEPH JACKSON VANDERBURGH, Respondent, *v.* SAMUEL W. STEEL, Doing Business under the Firm Name and Style of LEETS & COMPANY, Appellant.

First Department, March 15, 1918.

Evidence — action for personal injuries — when evidence as to repairs or alterations subsequent to accident inadmissible — inspection of records brought by witness under subpœna.

The general rule that evidence as to repairs or alterations subsequent to an accident is inadmissible in an action for personal injuries, has been relaxed only where the defendant has himself opened the door by placing upon the record testimony that conditions remained the same at the scene of the accident at some specified time thereafter.

A mere statement by counsel of his own impression or views as to the permanency of physical conditions at the place of the accident affords no basis for the offer of proof to the contrary.

Hence, in an action for personal injuries sustained by running into the supporting bar of an awning which protruded across a highway, it is reversible error to admit in evidence, over defendant's objection, testimony as to repairs made, after the accident, to the awning in question, upon the ground that defendant's counsel stated in his opening address to the jury that the conditions remained the same.

. Even if defendant's counsel had said that he intended to offer proof that there had been no change in conditions after the accident, it would have afforded no justification for the receipt of the testimony, for the offer of the proof indicated would have been promptly rejected and the evidence excluded if objected to.

It was also error to refuse to allow defendant's counsel to inspect the records brought into court by a witness in obedience to a subpœna unless defendant would offer the same in evidence.

SHEARN, J., dissented.

APPEAL by the defendant, Samuel W. Steel, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of April, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*James F. Donnelly* of counsel [*Frederick J. Flynn* with him on the brief], for the appellant.

*Morris E. Gossett* of counsel [*Barshad & Gossett*, attorneys], for the respondent.

DOWLING, J.:

Plaintiff has recovered a judgment herein upon the verdict of a jury in his favor in the sum of $1,900, damages for personal injuries claimed to have been sustained by him by reason of defendant's negligence. On the evening of March 1, 1914, plaintiff had left his place of employment to deliver some goods. It was then raining slightly, and as the storm increased in violence, he started to run back to his store, keeping close to the front walls of the buildings on Fifth avenue for protection. As he approached the southwest corner of Fourteenth street and Fifth avenue, where defendant's place of business is located, the awnings in front of which were down, plaintiff ran into the supporting bar of the first (or downtown) awning, which protruded across the highway, and was struck on the nose and left cheek bone, throwing him back on the sidewalk, which his head struck with such violence that he was rendered unconscious and sustained the injuries for which he has recovered damages. The negligence charged is that defendant allowed the awning in question to be out of repair, broken and defective, in that the iron bar which was used in connection with the awning was disconnected therefrom, or from the building, and protruded from the latter almost horizontally; also that the awning and bar were dangerous to persons passing along the highway in front of defendant's premises, as they obstructed the highway and were likely to strike persons lawfully passing along the same. We should not feel called upon to disturb the conclusion reached by the jury herein but for two errors committed upon the trial which are of sufficient gravity to require action upon our part. The first error consisted in the admission in evidence, over defendant's objection and exception, of testimony of repairs made after the accident to the awning in question, and particularly to the bar with which plaintiff is claimed to have come in contact. The effect of these repairs was to eliminate an elbow in the awning supports which existed at the time of the accident, and to raise the bar to a height above the sidewalk which would remove the possibility of its hitting a passerby. This testimony was elicited from plaintiff on his redirect examination, no questions having been asked on his cross-examination which called for the new line of inquiry. He said the change

was made about a week after the accident and that the center pin had been raised twelve inches, besides removing the elbow in the support. Another witness was allowed to testify, also under objection and exception, that since the accident the awning had been altered and the bars repaired and raised so that they were on the same level as the two ends. Plaintiff does not dispute the general rule that testimony as to repairs made subsequent to the happening of an accident is inadmissible. But it is claimed that the evidence in question was properly received, because of a statement made by defendant's counsel in his opening address to the jury that he intended to prove that there was no change in the condition of the awnings in question between the date of the happening of the accident and the date of the trial. Unfortunately the opening statement of defendant's counsel does not appear in the record. No exception was taken to whatever he said. All that we have before us on the point is what was said by the trial judge, when plaintiff was first interrogated as to the change in conditions, as follows: " Q. Is the same condition now on the southwest corner of Fifth Avenue and 14th Street as there was upon the day of the accident? Mr. Diefendorf: I object to that. Q. With respect to everything except this awning? The Court: In your opening you stated it remained the same to-day. You have explained that to the jury. That opens the door to this question. Mr. Diefendorf: I doubt it very much. The Court: I think so. You have made the statement to the jury in your opening. Mr. Diefendorf: I object to any subsequent conditions. To the best of my knowledge the conditions are the same to-day, but my objection runs to this point, that we will litigate other matters than the matters which are strictly relevant and at issue here. The Court: You have opened the door: Mr. Diefendorf: I claim it does not, and if your Honor overrules it, I take an exception. I object to it as immaterial, irrelevant and incompetent, anything occurring after the accident, and take an exception. [Objection overruled. Exception.] The Court: You stated positively to the jury that the same condition existed to-day as at the time of the accident."

It thus appears that the trial court admitted the objectionable evidence, not because of a statement that defendant

intended to offer proof of a certain fact, but because counsel stated that a certain state of facts still remained the same. Even if defendant's counsel had said he intended to offer proof that there had been no change in conditions after the accident, it would have afforded no justification for the receipt of the testimony objected to, for defendant's offer of the proof indicated by his counsel would have been promptly rejected and the evidence excluded, if objected to. But a mere statement by counsel of his own impression or views as to the permanency of physical conditions at the place of the accident, could afford no basis for the offer of proof to the contrary. The cases where the general rule, that evidence as to repairs or alterations subsequent to an accident is inadmissible, have been relaxed, are only those wherein plaintiff has been allowed to introduce such evidence after defendant had himself opened the door by putting upon the record testimony that conditions remained the same at the scene of the accident at some specified time thereafter. (*Irwin* v. *Simon,* 170 App. Div. 811.) But under no possible theory could incompetent evidence be admissible to meet a prospective offer of incompetent evidence. Nothing said by defendant's counsel in his opening, so far as this record discloses it, justified the receipt of the evidence as to the changes made to the awning in question after the happening of the accident. This error requires the reversal of the judgment and order appealed from. Another error was committed in refusing to allow defendant's counsel to inspect the records brought into court by the witness Dr. Robertson in obedience to a subpoena, unless defendant would offer the records in evidence.

The judgment and order appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event. The finding of defendant's negligence is reversed for the reasons hereinbefore assigned.

Clarke, P. J., Laughlin and Page, JJ., concurred; Shearn, J., dissented.

Judgment and *order reversed,* new trial ordered, costs to appellant to abide event.